

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7222
Washington, DC 20530

Tel: (202) 514-4819

October 19, 2022

VIA CM/ECF

Mark Langer, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave., NW
Washington, DC 20001

RE:    *Valancourt Books LLC v. Garland, et al.*, No. 21-5203 (D.C. Cir.) (argued Oct. 13, 2022 before Circuit Judges Srinivasan, Henderson, Edwards)

Dear Mr. Langer:

    I write to clarify a point that was discussed during plaintiff's rebuttal at oral argument in the above-captioned matter on October 13, 2022. Contrary to plaintiff's counsel's assertion in that colloquy, plaintiff would not need to persuade any other individuals or entities whose copyrighted materials appear in plaintiff's books to abandon their rights in order to eliminate plaintiff's obligations under Section 407. Nothing in Section 407's application to plaintiff depends on whether third parties retain copyright interests.

    Section 407 applies only to the "owner of the copyright or of the exclusive right of publication." 17 U.S.C. § 407. As we have noted (Br. 34-36), plaintiff is only subject to the obligations in Section 407 if it falls into one of those statutory categories. If plaintiff has no copyright interest in its books or elects to abandon any such interest, then plaintiff would not be subject to Section 407 as the "owner of the copyright," regardless of any copyright interest held by others.

    Plaintiff does not claim to be the owner of the "exclusive right of publication" of a work in which another entity holds a copyright. *See* JA 112-113. Like any transfer of copyright ownership, the grant of an exclusive right of publication can only be accomplished through an express written agreement. *See* 17 U.S.C. § 204 (requiring written agreement for transfer of copyright ownership); *id.* § 101

(defining "transfer of copyright ownership" to include exclusive license). There is therefore no risk that plaintiff (or any other entity) could obtain an exclusive right of publication, and thus incur obligations under Section 407, involuntarily merely by publishing a work pursuant to an informal agreement.

If plaintiff were not required to deposit copies of the work, the Copyright Office could then consider whether there was another individual or entity who is the copyright owner or holder of the exclusive right to publish within the meaning of the statute upon whom demand should be made. If a further demand were made, that individual or entity could then likewise determine whether to make the deposit or abandon any copyright interest.

Sincerely,

*/s/ Laura Myron*

Laura Myron
Counsel for Appellees

cc:     All counsel (via CM/ECF)