

INSTITUTE FOR JUSTICE

October 20, 2022

<u>Via CM/ECF</u>
Mark J. Langer, Clerk
United States Court of Appeals for the District of Columbia Circuit
333 Constitution Ave., N.W.
Washington, D.C. 20001

    Re:    *Valancourt Books, LLC v. Garland, et al.*, No. 21-5203 (D.C. Cir.)
              Argued October 13, 2022, before Circuit Judges Srinivasan,
              Henderson, and Edwards

Dear Mr. Langer:

    I write in response to Appellees' letter of October 19, 2022. Respectfully, the October 19 letter simply retreads old ground: The parties have already briefed the potential implications of Valancourt's holding a nonexclusive right to publish the new material in its books. *See* Appellees' Br. 34–36; Appellant's Reply Br. 20–21.

    The government's repeated arguments do not affect the merits of this case. If Valancourt obtains an exclusive license to publish a scholarly foreword to a book (as it sometimes does), then upon publication Valancourt becomes liable to either surrender copies of that book or pay fines. But if, as it sometimes does, Valancourt obtains a *non-exclusive* license to publish that foreword, it can publish the book without paying fines—except that (again, only upon publication) the scholar who wrote the foreword would become liable to provide copies of the book or pay fines. *See* 17 U.S.C. § 407. In other words, the government's argument remains that for Valancourt to lawfully publish books that contain any new material, "[s]omeone (either Valancourt or the scholar) must deposit the new work, pay fines for failing to do so, or else find a way to divest themselves of automatic copyright." Appellant's Reply Br. 20. But Valancourt has the right to publish books—even books containing a brand-new footnote—without either paying fines or warning its collaborators that they must undertake some administrative burden to avoid being fined themselves.

    The parties, of course, dispute the difficulty of that administrative burden— and the Court should not credit the government's evolving description of how the Copyright Office approaches copyright abandonment, which has no basis in the

Mark J. Langer, Clerk
October 20, 2022
Page Two

record, the text of § 407, or the government's own past positions (including in this very lawsuit). *See* JA 115–16 ¶ 43; JA 137; JA 161. But however easy, difficult, or impossible it may be to "abandon" automatic copyright, neither the government's briefs nor its most recent letter dispute that Valancourt's decision to publish a book triggers a burden either on Valancourt or on someone who has worked with Valancourt. That burden is unconstitutional.

          Respectfully Submitted,

          /s/ Robert McNamara
          Robert McNamara
          *Counsel for Appellants*

cc:    All Counsel of Record (via CM/ECF)